UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ELSTON T. CASTILLO, et al.,<br><br>            Plaintiffs,<br><br>   v.<br><br>ICE OFFICER MS. WILLIAMS, et al.,<br><br>            Defendants. | CASE NO. C15-5676 BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS, DISMISSING COMPLAINT, AND GRANTING LEAVE TO FILE AMENDED COMPLAINT |

      This matter comes before the Court on Plaintiff Elston Castillo's ("Castillo") motion to proceed *in forma pauperis* (Dkt. 1) and proposed complaint (Dkt. 1-1).

      On September 18, 2015, Castillo filed the instant motion and proposed complaint asserting a cause of action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. 1346(b). Castillo alleges that the Department of Homeland Security and United States Immigrations and Customs Enforcement improperly took $19,500 from him by wrongfully revoking an immigration bond posted on his behalf. Dkt. 1-1. According to

ORDER - 1

the complaint, the dispute revolves around whether Castillo's address of record was properly changed in the Government's files. *Id.*

The Court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). Although a plaintiff may qualify to proceed *in forma pauperis*, a federal court may dismiss *sua sponte* pursuant to Fed. R. Civ. P. 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6) . . . . Such a dismissal may be made without notice where the claimant cannot possibly win relief."). In the event the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

In this case, the Court finds that Castillo qualifies to proceed *in forma pauperis* but fails to state a claim for relief. Based upon Castillo's fee waiver request, Castillo does not have the means to pay the filing fee for this action. Therefore, the Court grants Castillo's motion to proceed *in forma pauperis*.

Castillo's complaint, however, fails to state a claim for relief. The FTCA comprises a limited waiver of the federal government's sovereign immunity with respect to private causes of action sounding in tort. *See Fothergill v. United States*, 566 F.3d 248 (1st Cir. 2009). "A tort is conduct that amounts to a legal wrong and that causes harm for which courts will impose civil liability. Conduct that counts only as breach of contract may lead to legal liability under the rules of contract law, but breach of contract is not

usually considered to be a tortious wrong." *Dan B. Dobbs, Paul T. Hayden and Ellen M. Bublick*, The Law of Torts § 1 (2d ed.). Castillo's complaint alleges a breach of the bond contract and does not allege facts that would give rise to a tort cause of action against the Government. Therefore, the Court *sua sponte* dismisses Castillo's complaint. Although the Court finds that dismissal is warranted, the Court is unable to find that any amendment would be futile.

With regard to contract actions against the government, the Tucker Act provides a waiver of sovereign immunity and for jurisdiction in the Court of Federal Claims for certain claims brought against the United States:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). The Little Tucker Act provides a waiver of sovereign immunity and for concurrent district court jurisdiction over:

> [a]ny ... civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1346(a)(2). "Read together, these statutes provide for jurisdiction solely in the Court of Federal Claims for Tucker Act claims seeking more than $10,000 in damages, and concurrent district court jurisdiction over claims seeking $10,000 or less."

1  *McGuire v. United States*, 550 F.3d 903, 910-11 (9th Cir. 2008) (citing *United States v.*
2  *Hohri*, 482 U.S. 64, 67 n.1 (1987)).

3  Based on the allegations in the complaint, it appears that Castillo may state a cause
4  of action under the Tucker Act for breach of contract against the government. Thus, the
5  Court grants Castillo leave to amend his complaint. In order to maintain his action in this
6  Court, Castillo must limit his damages to $10,000. If Castillo pursues a cause of action
7  for the $19,500, he should file a complaint in the Court of Federal Claims and voluntarily
8  dismiss this action. Regardless, Castillo must either file an amended complaint or inform
9  the Court of a voluntary dismissal no later than October 30, 2015. Failure to do so or
10 show cause why he could not do so by that deadline will result in **DISMISSAL without**
11 **prejudice** by the Clerk and without further consideration by the Court.

12 **IT IS SO ORDERED**.

13 Dated this 29th day of September, 2015.

_____
BENJAMIN H. SETTLE
United States District Judge